UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62040-CIV-DIMITROULEAS/SNOW

TEC SERV, LLC, a Florida limited liability company; and
JOHN R. TOSCANO, INC., a Florida corporation,

    Plaintiffs,

vs.

MICHAEL ALAN CRABB, individually; and A DESIGN
AT SUNNINGHILL, INC., a Florida corporation,

    Defendants.
_____/

MICHAEL ALAN CRABB,

    Counter-Plaintiff,

vs.

TEC SERV, LLC, and JOHN R. TOSCANO, INC.,

    Counter-Defendants,

JOHN TOSCANO, and MARILYN TOSCANO,

    Third-Party Defendants.
_____/

**ORDER APPROVING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; GRANTING IN PART THE TOSCANOS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS**

    THIS CAUSE is before the Court upon the December 3, 2015 Mandate issued by the Eleventh Circuit Court of Appeals vacating this Court's February 24, 2014 Orders [DE's 278, 279] and remanding for the Court to determine the amount of expenses and reasonable attorneys' fees for the services of Third-Party Defendants, John Toscano, individually, and Marilyn Toscano, individually (collectively, the "Toscanos")'s attorneys' fees in successfully defending

Michael Alan Crabb ("Crabb")'s claims for breach of the Agreement [DE 288]; the Toscanos' Motion for an Order Awarding Attorneys' Fees and Accounting Fees Incurred at Trial Level [DE 306], filed herein on January 18, 2021 (incorporating Plaintiffs, Counter-Defendants and Third-Party Defendants' Verified Motion for Accounting Fees, Attorneys' Fees and Costs [DE 254] and Plaintiffs, Counter-Defendants and Third Party Defendants' Verified Motion to Tax Costs [DE 247]); the September 10, 2021 Report and Recommendation of Magistrate Judge Lurana S. Snow, recommending that the Toscanos be awarded $250,000.00 for attorneys' fees and accounting expenses and $6,927.44 in taxable costs; [DE 340]; Crabb's Objections to Report and Recommendation [DE 343]; and the Toscanos' Reply to Crabb's Objections [DE 344].

The Court has carefully considered these filings, the entire docket, and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and Crabb's Objections to the Magistrate Judge's Report and Recommendation. [DE 343]. Having carefully considered Crabb's Objections, the Court overrules the Objections. The Court agrees with the arguments set forth in the Toscano's Reply to Crabb's Objections [DE 344].

The Eleventh Circuit's December 3, 2015 Mandate ruled, in relevant part, as follows:

> Unlike TEC Serv, who won on some issues and lost on others, the Toscanos prevailed on every claim. Accordingly, the Toscanos were prevailing parties entitled to attorneys' fees under the Agreement. We therefore vacate the district court's order and remand for the court to determine the amount of expenses and reasonable attorneys' fees for the services of the Toscanos' attorneys in successfully defending Crabb's claims for breach of the Agreement.

*See* [DE 288]. The Magistrate Judge clearly comported with applicable law in engaging in fact-finding and a determination of the reasonableness of the fees awarded. Consistent with the Mandate, Judge Snow carefully examined the record, billing statements, required numerous additional submissions by the parties, and held several oral arguments on the issues to determine a reasonable amount of costs, expenses and attorneys' fees for the services of the Toscanos' attorneys in successfully defending Crabb's claims for breach of the Agreement. Further, as to Crabb's argument regarding the Toscanos' attorneys' fee motion being procedurally barred, this Court has already rejected Crabb's position:

> The Court failed to act in accordance with its obligation to follow the Eleventh Circuit's Mandate. The Court, not the Toscanos, was required to act upon the Mandate. The Toscanos were not required to file a new motion for fees and costs (the motions were filed long before and the Eleventh Circuit held that the Court ruled erroneously on them and vacated the rulings), and the Toscanos were not required to file a motion asking the Court to act upon the Mandate.

*See* [DE 323] at p. 3.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 340] is hereby **APPROVED**;

2. Crabb's Objections to Report and Recommendation [DE 343] are **OVERRULED**;

3. The Toscanos' Motion for an Order Awarding Attorneys' Fees and Accounting Fees Incurred at Trial Level [DE 306] (incorporating Plaintiffs, Counter-Defendants and Third-Party Defendants' Verified Motion for Accounting Fees, Attorneys' Fees and Costs [DE 254] and Plaintiffs, Counter-Defendants and Third Party Defendants' Verified Motion to Tax Costs [DE 247]) is hereby **GRANTED in part**;

4. The Toscanos are hereby awarded $250,000.00 for attorneys' fees and accounting expenses and $6,927.44 in taxable costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of September, 2021.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record
Magistrate Judge Lurana S. Snow